Jerico STONE, Plaintiff–Appellant,

v.

WRITER'S GUILD OF AMERICA WEST, INC., a California Corporation; Frank Pierson; Del Reisman, Does 1 Through 20, Inclusive, Defendants–Appellees.

No. 95–55218.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 1996.

Memorandum Filed Aug. 20, 1996.

Decided Nov. 25, 1996.

Cynthia A. de Petris, Law Offices of Cynthia A. de Petris (On the Briefs), Los Angeles, CA; and Edgar B. Pease, III, Law Offices of Edgar B. Pease, III (argued), Los Angeles, CA, for plaintiff-appellant.

Julius Mel Reich, Reich, Adell, Crost & Cvitan, Los Angeles, CA, for defendants-appellees.

Before: FLETCHER, BEEZER, and KLEINFELD, Circuit Judges.

### ORDER

The memorandum decision filed August 20, 1996, is redesignated as an authored opinion by Judge Kleinfeld with minor modifications.

### OPINION

KLEINFELD, Circuit Judge:

Because the district court dismissed appellant's complaint for failure to state a claim upon which relief could be granted, we review the averments of the complaint to determine whether, if true, they would state a claim. *Argabright v. United States,* 35 F.3d 472, 474 (9th Cir.1994); *National Wildlife Fed'n v. Espy,* 45 F.3d 1337, 1340 (9th Cir.1995). The collective bargaining agreement, called the "basic agreement,"

may properly be considered because its authenticity is not at issue, and it is referred to in the complaint. *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994) (document not attached to the complaint is not "outside" the complaint if it is referred to in the complaint and authenticity of the document is not questioned). Because we review *de novo,* and we do not in our *de novo* review consider any materials other than the complaint and its attachments, *see Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995), and the collective bargaining agreement, it does not matter whether the district judge so limited his consideration or not.

■ Appellant's claims for fraud and intentional infliction of mental distress were preempted by federal labor law, and were properly dismissed for that reason. "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 [LMRA] claim ... or dismissed as pre-empted by federal labor-contract law." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985). The undisclosed use of scripts written for non-signatory companies in violation of the collective bargaining agreement is necessarily dependent on analysis of the terms of the collective bargaining agreement. Likewise, the emotional distress claim is for consequences of depriving Stone of screen credits to which he claimed to be entitled under the collective bargaining agreement. *See Harris v. Alumax Mill Products, Inc.,* 897 F.2d 400, 403 (9th Cir.1990) (employee's claims of bad faith and intentional infliction of emotional distress based on wrongful termination were preempted, because they required application of company's work rules); *Bale v. General Tel. Co. of California,* 795 F.2d 775, 779–80 (9th Cir.1986) (claims for fraud and misrepresentation were preempted because they essentially alleged violation of labor contract; claims "arose out of the same acts and conduct which formed the basis of" plaintiffs' LMRA claim).

We reject appellant's argument that the statute of limitations did not begin to run until January 27, 1994.

■ Stone's claim for breach of the duty of representation is governed by the six month federal statute of limitations. 29 U.S.C. § 160(b); *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 154–55, 103 S.Ct. 2281, 2285–86, 76 L.Ed.2d 476 (1983). The statute of limitations begins to run when a plaintiff "knew, or should have known, of the defendant's wrongdoing." *Allen v. United Food & Commercial Workers International,* 43 F.3d 424, 427 (9th Cir.1994); *see also Galindo v. Stoody Co.,* 793 F.2d 1502, 1509 (9th Cir.1986) (section 160(b) limitations period begins to run "when the employee discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation"). Stone filed his original complaint in state court on July 1, 1994. If he knew, or should have known, about the Guild's wrongdoing before January 1, 1994, then his claim is barred by the statute of limitations.

Appellant's complaint attached a copy of a September 24, 1992 letter from the Writer's Guild, showing that he told the Writer's Guild September 17, 1992, a year and nine months before filing his complaint, of his objection to the Policy Review Board's consideration of scripts written by Mr. Haas for non-signatories. The Writer's Guild letter of that date states plainly that it is the Guild's position that this concern is raised too late, and the Guild will not consider it.

■ Appellant's argument mixes together the question of whether he raised his concern too late for the Guild to take effective action, with the question of whether the statute of limitations had run. For purposes of discussion, we interpret appellant's averments to be that the union falsely told him it was too late to correct the screen credits, and that the union could have and should have convened a new Policy Review Board after Stone presented evidence of Mr. Haas's writing for non-signatories which the board had not previously considered. Nevertheless, as appellant averred, the Guild did not do so, and it advised him that it would not do so on September 24, 1992. If that gave rise to a

cause of action for breach of the duty of fair representation, the action had to be filed within six months of that date, and it was not.

■ Appellant argues that the statute of limitations should have been tolled until January 27, 1994, which is when Stone claims he had exhausted administrative remedies. But the averments of the complaint and the attachment to it established that he was not exhausting any available administrative remedy during that period. Rather, he and the union were expressing disagreement about administrative proceedings which had been exhausted in 1992. *Galindo* establishes that the principle urged by appellant is correct: the statute of limitations may be tolled "while an employee pursues intra-union grievance procedures, even if those procedures are ultimately futile." 793 F.2d at 1510. That period of administrative proceedings, however, ended October 14, 1992. At that time, according to the attachment to appellant's complaint, appellant and Universal Pictures were advised that the arbitration committee had determined that "the writing credits shall read as follows":

Screenplay by Charlie Haas

Story by Jerico Stone and Charlie Haas

The collective bargaining agreement provides for no subsequent administrative procedure which appellant could have been pursuing. *Cf. Harris,* 897 F.2d at 404 (after union refused to pursue worker's grievance, nothing prevented worker from filing suit against the union while he pursued a worker's compensation claim, since that was not a precondition to filing suit; claim was therefore time-barred).

To the extent the appellant sought to challenge the arbitration award itself, the claim was equally untimely, whether we apply a one-hundred-day statute of limitations, *see Fortune, Alsweet & Eldridge, Inc. v. Daniel,* 724 F.2d 1355, 1356 (9th Cir.1983), or a six-month statute of limitations, *see DelCostello,* 462 U.S. at 154–55, 163–66, 103 S.Ct. at 2285–86. As explained above, appellant filed his law suit more than six months after the arbitration award and more than six months

after he knew, or should have known, of the Guild's alleged wrongdoing.

■ Appellant argues by analogy to California governmental authorities' duties that the statute of limitations could not begin to run until the union informed him of it. Appellant pleaded no facts upon which an estoppel to assert the statute of limitations could be based. Rather, he seeks extension of the statutory mandate for public employers under Cal.Gov.Code § 913(b). The statute is not by its terms applicable to a labor union, and any such application would be novel and without precedent.

AFFIRMED.