**Louis R. HIXSON, Plaintiff–Appellant,**

v.

**ALAMEDA COUNTY SHERIFF'S DE-PARTMENT; Charles C. Plummer, Sheriff, Defendant–Appellee.**

No. 99–16144.

D.C. No. CV–97–00589–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2000.

Decided May 11, 2001.

**490**

Before WALLACE, FISHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Luis Hixson appeals the district court's summary judgment in favor of defendants on his discrimination, retaliation and due process claims.

■ Appellant failed to raise a material issue of fact regarding disparate treatment. *See Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1122–23 (9th Cir.2000). Specifically, there was no evidence presented that similarly situated individuals outside of his protected class were treated better than he. Appellant similarly failed to raise a material issue of fact regarding hostile work environment. *See Sischo–*

*Nownejad v. Merced Community College Dist.,* 934 F.2d 1104, 1109 (9th Cir.1991). He failed to present evidence of severe or pervasive verbal or physical harassment because of his race or other protected status. Since Appellant never complained of discrimination based on his race, color, sex, religion, or national origin, there is no evidence that he engaged in an activity protected under Title VII. Consequently, his retaliation claim also fails. *See Payne v. Norwest Corp.,* 113 F.3d 1079, 1080 (9th Cir.1997).

■ The district court's grant of summary judgment on Appellant's substantive due process claim was based upon qualified immunity. We review de novo the district court's ruling on qualified immunity. *See Moran v. Washington,* 147 F.3d 839, 844 (9th Cir.1998). Because the law in this Circuit has not clearly established a substantive due process claim for arbitrary discharge from public employment, we agree with the district court that Sheriff Plummer is entitled to qualified immunity. *See Lum v. Jensen,* 876 F.2d 1385, 1387–89 (9th Cir.1989); *see also Portman v. County of Santa Clara,* 995 F.2d 898, 908 (9th Cir.1993).

■ Finally, Appellant failed to raise a genuine issue of material fact regarding his procedural due process claim. The record reflects that Appellant's complaints were sufficiently investigated.

Because Appellant failed to raise a genuine issue of material fact regarding his discrimination, retaliation and due process claims, we AFFIRM the decision below.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.