**Richard CASS, Plaintiff–Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellee.**

No. 99–17479.

D.C. No. CV–98–585–PMP/RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided May 17, 2001.

502

Before BEEZER, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Plaintiff Richard Cass, a former employee of defendant Allstate Insurance Company ("Allstate"), appeals the district court's summary judgment in favor of Allstate on his age discrimination, racial discrimination and constructive discharge claims.

The district court acknowledged that Allstate had articulated two separate reasons for transferring Cass: (1) his alleged communication difficulties; and (2) the Investigation Unit's need for an experienced investigator. These are two fundamentally different reasons. While it may be that both these justifications for the transfer are true, it may also be that the proffered explanations are pretextual, "for one who tells the truth need not recite different versions of the supposedly same event." *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir.1997).

On this record, Cass has produced adequate evidence to allow a reasonable factfinder to conclude that Allstate's proffered reasons were false. Allstate initially blamed Cass for making his transfer necessary due to his purported shortcomings in communicating with new employees. A reasonable jury could find it inconsistent that, according to Allstate, it transferred Cass to a position involving intensive training and supervision of a new and overwhelmed employee in part because of his difficulty communicating with new employees. That determination is not appropriate at the summary judgment stage. *Washington v. Garrett*, 10 F.3d 1421, 1433 ("[T]here will always be a question for the factfinder once a plaintiff establishes a prima facie case and raises a genuine issue as to whether the employer's explanation for its action is true. Such a question cannot be resolved on summary judgment.").[1]

REVERSED AND REMANDED for trial.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because of our disposition on the pretext issue, we do not address Cass's evidentiary arguments.