The Swansons' remaining contentions lack merit.

We grant the Swansons' motion to file a late reply brief and motion to file an oversized reply brief. The clerk shall file the brief received on October 29, 2002.

We grant the Trustee's motion to supplement the record on appeal.

**AFFIRMED.**

Nupur **NAGAR**, Plaintiff—Appellant,

v.

**FOUNDATION HEALTH SYSTEMS INC.**, Defendant—Appellee,

and

**Steve Hsiang**, Defendant.

No. 01–56054.

D.C. No. CV–00–05709–ER.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2002.

Decided Jan. 21, 2003.

Before REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.

## MEMORANDUM *

Nupur Nagar appeals the district court's grant of summary judgment in favor of her former employer, Foundation Health Systems, Inc. ("FHS") on her Title VII[1] and California Fair Employment and Housing Act ("FEHA")[2] discrimination claims.[3] Nagar challenges the district court's determination that she failed to establish a triable issue of fact regarding her claims of hostile work environment on the basis of her Asian Indian national origin and/or gender and on her retaliation claim against FHS. We review *de novo* the district court's grant of summary judgment, *see Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

### I.

To establish a prima facie case of hostile work environment premised on national origin or gender under Title VII and the FEHA,[4] Nagar must establish that (1) she was subjected to verbal or physical conduct of a harassing nature that was based on her national origin or gender, (2) the conduct was unwelcome, and (3) the conduct was "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment." *Kang v. U. Lim America,* 296 F.3d 810, 817 (9th Cir.2002); *see also Kortan v. California Youth Authority,* 217 F.3d 1104, 1109–10 (9th Cir.2000).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 42 U.S.C. § 2000e *et seq.*

2. Cal. Gov't Code § 12940 *et seq.*

3. Although Nagar named her former supervisor Steve Hsiang as a defendant, the district court's docket does not show that Hsiang was served, that he filed an answer or that the court entered his default. In its order granting FHS's motion for summary judgment, however, the district court awarded Hsiang costs. As in the district court, Hsiang is identified as an appellee, but he did not enter an appearance in this court. Under these circumstances, we do not consider Hsiang as a party to this appeal.

4. Claims of national origin and gender discrimination under Title VII and the FEHA are decided under the same standard. *See Brooks v. City of San Mateo,* 229 F.3d 917, 923 (9th Cir.2000) (stating that when a plaintiff alleges sexual discrimination under Title VII and the FEHA, we need only assess her claim under federal law because Title VII and FEHA operate under the same guiding principles).

The conduct must be extreme in order to amount to a change in the terms and conditions of employment. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 787–88, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

We agree with the district court that, viewing the evidence in the light most favorable to Nagar, as we must on summary judgment, *see Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995), all the instances of national origin harassment taken together show that Nagar was subjected only to offhand comments and isolated incidents of offensive conduct. The alleged offensive remarks and conduct were insufficiently severe or pervasive to alter the terms and conditions of her employment and thus to create an actionable hostile work environment. Accordingly, the district court did not err in granting summary judgment on Nagar's national origin discrimination claim under Title VII and the FEHA.

We reach a similar conclusion with respect to Nagar's gender discrimination claim. When the basis for a hostile work environment claim is gender, the harassing conduct "need not be motivated by sexual desire to support an inference of discrimination on the basis of sex. The motivation can be a 'general hostility to the presence of women in the workplace.'" *Kortan,* 217 F.3d at 1110 (quoting *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 118 S.Ct. 998, 1002, 140 L.Ed.2d 201 (1998)). Further, where two grounds for discrimination exist, as here, we may look to all the circumstances "to determine whether the employer discriminate[d] against that combination of factors." *Lam v. University of Hawaii,* 40 F.3d 1551, 1562 (9th Cir.1994) (recognizing combined race and sex discrimination claims under Title VII).

Even considering all of the incidents of national origin and gender harassment together, they are insufficient to show that the alleged harassment was sufficiently severe or pervasive to constitute a gender-based hostile work environment in violation of Title VII or the FEHA.

## II.

To establish a prima facie case of retaliation under Title VII and the FEHA, the employee must allege and prove that (1) she engaged in a protected activity, (2) her employer subjected her to adverse employment action, and (3) there was a causal link between the protected activity and the employer's action. *See Payne v. Norwest Corp.,* 113 F.3d 1079, 1080 (9th Cir.1997). Once the employee establishes a prima facie case, the burden shifts to the employer to present legitimate, non-discriminatory reasons for the adverse employment action. Once the employer meets this burden, the plaintiff must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext for retaliation. *See Brooks,* 229 F.3d at 928. Only then does the case proceed beyond summary judgment. *Id.*

Here, even assuming that Nagar established a prima facie case of retaliation, FHS met its burden of showing that it had a legitimate, nonretaliatory reason for asking her to resign on the basis of the poor performance evaluation Nagar received on July 19, 1999. Nagar's evidence fails to establish a triable issue of fact as to whether FHS's alleged reasons for retaliating against her were pretextual. Peggy LeMaster's positive evaluation of Nagar does not present an adequate basis on which pretext can be inferred because it was an informal evaluation from an independent contractor with limited knowledge. Although the parties disagree about the circumstances under which Nagar was terminated, these disputed events do not

establish a triable issue of fact regarding pretext.

AFFIRMED.