Darral **SELPH**, Plaintiff—Appellant,

v.

**FARMER BROS., CO.,** Defendant—Appellee.

---

Darral **Selph**, Plaintiff—Appellee,

v.

**Farmer Bros., Co.,** Defendant—Appellant.

Nos. 02–15162, 02–15164.
D.C. No. CV–98–01804–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2003.*

Decided Feb. 19, 2003.

Before TROTT, RYMER and TALLMAN, Circuit Judges.

MEMORANDUM**

Darral Selph appeals the district court's judgment as a matter of law (JMOL) in favor of Farmer Brothers Co.; Farmer Brothers cross-appeals the court's failure to issue a conditional ruling on its motion for a new trial or remittitur. We affirm the JMOL, and thus have no need to reach the cross-appeal.

Selph argues that he proved a prima facie case of age discrimination, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), that there was substantial direct evidence of age-based animus and substantial circumstantial evidence that Farmer's explanation for his termination was untrue, and that there was a legally sufficient basis to

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**400**

uphold the jury's verdict. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000),

Regardless of the sufficiency of Selph's prima face showing, no reasonable juror could have found that Farmer Brothers' reason for terminating Selph was pretextual. Selph relies on evidence that Owen Purdy told Hiram Triana that "we didn't want to hire anybody over 40," and the fact that Triana (who was 14 years his junior and with whom he worked as a team) was not terminated at the same time as Selph. *See Sischo–Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1111 (9th Cir.1991). In addition, Selph points out that Purdy had terminated two other branch managers who were over 50, and had not hired any employees over 40. Finally, he notes that he had no control over many of the problems in the Las Vegas branch.

Ken Carson and Mike King made the decision to terminate Selph. Evidence of Selph's insubordination was unchallenged. Selph "blew up" at his supervisors and raised his voice to supervisors in the presence of another employee. This uncontradicted evidence constitutes a legitimate, non-discriminatory reason for termination. *See Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir.1997).

Considering the strength of Selph's prima facie case, which was weak, the limited probative value of the proof that his employer's explanation was false, and other evidence that supports the employer's case, the district court correctly determined that Farmer Brothers was entitled to judgment as a matter of law. *See Reeves*, 530 U.S. at 148–49.

Given this disposition, we do not need to consider alternative bases for affirmance advanced by Farmer Brothers, or the issues raised in its cross-appeal.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.