### Glenn C. HENDERSON, Plaintiff–Appellant,

v.

### OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION; et al., Defendants–Appellees.

No. 04–56646.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed.

R.App. P. 34(a)(2).

Glenn C. Henderson, Los Angeles, CA, pro se.

Jeffrey S. Wohlner, Esq., Wohlner Kaplon Phillips Young & Cutler, Sherman Oaks, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM **

Glenn C. Henderson appeals pro se the district court's order dismissing his action against his former union, and union representative, alleging breach of the duty of fair representation and various state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Niehaus v. Greyhound Lines, Inc.,* 173 F.3d 1207, 1211 (9th Cir.1999), and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

The district court properly concluded that Henderson's claims for breach of contract, theft of dues, and misappropriation of funds are preempted by the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA") because the claims are substantially dependent on an interpretation of the collective bargaining agreement. *See Beals v. Kiewit Pacific Co., Inc.,* 114 F.3d 892, 894–95 (9th Cir.1997); *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 210–11, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

█ The district court properly concluded that Henderson's duty of fair representation claim is barred by the six-month statute of limitations, as the claim accrued by February of 2002, the date Henderson acknowledged in his opposition to the motion to dismiss that the union would no longer assist him, and Henderson filed the complaint in the instant action over one year later. *See Stone v. Writer's Guild of America West, Inc.,* 101 F.3d 1312, 1314 (9th Cir.1996); *Galindo v. Stoody Co.,* 793 F.2d 1502, 1509 (9th Cir.1986) (finding that in a duty of fair representation case, the six month limitations period begins to run when the employee knows or should have known of the alleged breach of the duty of fair representation by his union).

█ The district court properly concluded that Henderson's claim for negligent infliction of emotional distress is preempted by the LMRA. *See Newberry v. Pacific Racing Ass'n,* 854 F.2d 1142, 1149–50 (9th Cir.1988).

█ The district court properly concluded that Henderson's claim for defamation was preempted by the LMRA. *See Shane v. Greyhound Lines, Inc.,* 868 F.2d 1057, 1063 (9th Cir.1989).

█ The district court properly concluded that Henderson's claim for conspiracy

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to commit fraud was preempted by the LMRA. *See Aguilera v. Pirelli Armstrong Tire Corp.,* 223 F.3d 1010, 1017 (9th Cir. 2000) (holding that preemptive force of LMRA extends to fraud claims when resolution of claims is inextricably intertwined with terms in labor contract).

■ The district court properly dismissed Henderson's claim that the union engaged in unfair business practices because the claim required an analysis of the collective bargaining agreement. *See id.*

Henderson's claims for discrimination and retaliation were properly dismissed because they failed to state a claim. *See Humphrey v. Memorial Hospitals Ass'n,* 239 F.3d 1128, 1133 (9th Cir.2001) (describing prima facie elements for discrimination claim under the California Fair Employment and Housing Act ("FEHA")); *Payne v. Norwest Corp.,* 113 F.3d 1079, 1080 (9th Cir.1997) (stating prima facie elements for retaliation under the FEHA).

Henderson's claim for a hostile work environment was properly dismissed because he failed to state a claim. *See Kang v. U. Lim Am. Inc.,* 296 F.3d 810, 817 (9th Cir.2002) (stating the elements of a hostile work environment under Title VII); *Brooks v. City of San Mateo,* 229 F.3d 917, 923 (9th Cir.2000) (stating that Title VII and FEHA operate under the same guiding principles).

The district court properly dismissed Henderson's conspiracy claim because he failed to state a claim. *See Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 626 (9th Cir.1988) (noting that ("[a] mere allegation of conspiracy without factual specificity is insufficient")).

■ The district court properly dismissed Henderson's claim for intentional infliction of emotional distress because he failed to allege that the conduct defendants engaged in was extreme and outrageous as a matter of law. *See Braunling v. Countrywide Home Loans Inc.,* 220 F.3d 1154, 1158 (9th Cir.2000).

■ The district court properly dismissed Henderson's First Amendment claim because defendants are not state actors. *See George v. Pacific–CSC Work Furlough,* 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam).

Finally, the district court properly dismissed Henderson's claim under 5 U.S.C. § 552(a)(4)(B) of the Freedom of Information Act because defendants are not "agencies" and therefore cannot be held liable under the FOIA. *See* 5 U.S.C. §§ 552(a)(4)(B); 551(1).

AFFIRMED.