**Nalliah RAJAH, Plaintiff–Appellant,**

v.

**COUNTY OF CLARK, Defendant– Appellee.**

**No. 06–17074.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2008.*

Filed June 18, 2008.

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Gloria J. Sturman, Esq., Margaret G. Foley, Esq., Wilson Elser Moskowitz, et

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

al., Las Vegas, NV, for Defendant–Appellee.

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Nalliah Rajah appeals several issues related to age—and race-based employment discrimination claims he brought against Clark County. The district court granted summary judgment in favor of the County. We have jurisdiction under 28 U.S.C. § 1291. A grant of summary judgment is reviewed *de novo*. *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).

Rajah initially alleged multiple claims, some of which he has not appealed, including state law claims for negligent supervision and age and race discrimination, over which the district court declined to assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). We affirm the district court's denial of Rajah's remaining claims, which include discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a), retaliation in violation of 42 U.S.C. § 2000e–3(a), and violations of 42 U.S.C. § 1983.

■ For Rajah to establish a prima facie case on his Title VII and ADEA claims, he must show that (1) he is within a protected group; (2) he applied for and was qualified for the position for which the employer sought applicants; (3) despite his qualifications he was rejected; and (4) after his rejection the employer selected a non-protected individual to perform the task. *See Yee v. Dep't of Envt'l. Servs.*, 826 F.2d 877, 881 (9th Cir.1987); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Rajah's age-related claim is facially deficient because both of the men promoted to deputy director positions in 2003 were also members of Rajah's protected class (both men are over 50).

■ Rajah argues that summary judgment was not appropriate because there are triable issues of fact relating to the stated reason for his being passed over for a deputy director position in 2003. Rajah claims the stated reason, that he lacked the requisite engineering background, was pretextual. He claims that in 2001, his supervisor, Martin Manning, had announced that Rajah had been slated for the position, which Rajah interprets as necessarily suggesting that he was qualified despite his lack of an engineering background.

Though Rajah is a member of a protected group with respect to his race claim and two individuals not in a protected group were eventually hired, the evidence that he was potentially eligible for promotion in 2001 does not overcome the fact that the two new positions created in the 2003 reorganization required different skills than Rajah offered and the individuals hired did in fact have these skills. Creation of the two new positions was in response to rapid growth in the County that required major infrastructure improvements, thus increasing the demand for engineers. In contrast

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

to the single position proposed in 2001, the two new positions were highly specific and technically-oriented (Deputy Director of Construction Management and Deputy Director of Design Engineering). Both positions fulfill directives at the core of the department's work in infrastructure development, and Rajah is not qualified for either. These hiring decisions were for "exempt" positions outside of any competitive process, and thus were within the supervisor's discretion. The pretext argument is also overcome by Manning's glowing comments about Rajah's work, his prior support and promotion of Rajah within the department, and a total absence of a history of racial discrimination in the department. The County has offered a legitimate, nondiscriminatory reason for its decision and Rajah has not met his burden to demonstrate the reason was "in fact a coverup for a racially discriminatory decision." *McDonnell Douglas,* 411 U.S. at 805, 93 S.Ct. 1817.

█ Rajah also claims that being included in a list of employees whose jobs would be terminated during a 2003 realignment constituted an act of retaliation. A retaliation claim requires a plaintiff to show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two events. *See Payne v. Norwest Corp.,* 113 F.3d 1079, 1080 (9th Cir.1997).

Although the elimination of Rajah's position would qualify as an adverse employment action (termination) following a protected activity (filing a complaint), the essential causal link between these events is lacking here: Rajah was not singled out for an adverse employment action, but rather was among over twenty individuals whose positions were to be eliminated as part of a countywide reorganization that affected many people of different backgrounds (the majority of those terminated were Caucasian), ages (many individuals were in Rajah's age group), and pay grades.

Though timing alone can sometimes be sufficient to infer causation in the retaliation context, it does not support retaliation here. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 (9th Cir.2002) ("A nearly 18–month lapse between protected activity and an adverse employment action is simply too long, by itself, to give rise to an inference of causation."). The district court found that Rajah's complaint and his near-termination were too far apart to support such inferences, and we agree. *See id.* (citing cases with gaps between protected activity and adverse employment action as short as four months).

Finally, Rajah's § 1983 claims also do not withstand scrutiny because a plaintiff who fails to show intentional employment discrimination under Title VII cannot succeed on a § 1983 claim based on the same conduct. *Sischo–Nownejad v. Merced Cnty. Coll. Dist.,* 934 F.2d 1104, 1112 (9th Cir.1991).

**AFFIRMED.**