**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIMEE LESPRON and STACEY SMITH, | No. 12-15333 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-01760-NVW |
| v. | |
| TUTOR TIME LEARNING CENTER, LLC, a Michigan limited liability company; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted December 6, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and BURNS, District Judge.[**]

Plaintiffs Aimee Lespron and Stacey Smith appeal the district court's order

granting summary judgment in favor of Tutor Time Learning Center, LLC and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Learning Care Group, LLC on their Title VII and Arizona Civil Rights Act claims. We reverse.

Establishing a prima facie case of pregnancy discrimination requires showing that employees who were treated more favorably than Plaintiffs were "similar 'in all *material* respects.'" *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1125 (9th Cir. 2009) (quoting *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006)). However, at the summary judgment stage, "'[t]he requisite degree of proof necessary to establish a prima facie case . . . is *minimal* and does not even need to rise to the level of a preponderance of the evidence.'" *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2002) (alteration in original) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)). We have carefully reviewed the evidence in the record, and we conclude that Plaintiffs have met this minimal burden.

The critical issue in this case is whether Plaintiffs have raised a triable issue of fact as to whether Defendants' legitimate, nondiscriminatory reasons for reducing Plaintiffs' hours are merely a pretext for discrimination. Evidence that a defendant's proffered reasons are not its true reasons, together with the evidence in support of a plaintiff's prima facie case, permits, but does not compel, a conclusion that a defendant's actions were motivated by discrimination. *Reeves v. Sanderson*

*Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).  However, once a plaintiff raises a genuine issue of material fact about the veracity of a defendant's proffered explanation, summary judgment is inappropriate; the question of whether the "real reason" for the action was discrimination is a question for the factfinder.  *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170-72 (9th Cir. 2007); *Washington v. Garrett*, 10 F.3d 1421, 1433 (9th Cir. 1993).

Defendants represent that they needed to reduce hours because of declining enrollment at the Queen Creek facility and they determined whose hours to reduce based on employees' availability, flexibility, and attendance.  Although these explanations are consistent and not evidence of pretext, there are additional facts in this case that cast doubt on the veracity of Defendants' proffered explanations.  In Defendants' position statements to the Equal Employment Opportunity Commission and the Arizona Civil Rights Division, Defendants never once mentioned Plaintiffs' attendance problems as the reason for a reduction in their hours, nor did they mention the declining enrollment.  In fact, Defendants denied that Lespron's hours were reduced, represented that Smith requested a reduction in hours, and claimed that the shifts worked by newly-hired employees were shifts Smith could not work.  Defendants at one point also claimed that Smith was not

allowed to be left alone in a particular classroom per the request of a parent.  In response, Plaintiffs produced evidence that seriously questions the veracity of these assertions.  Although Defendants attempt to explain away these various statements, a factfinder is free to accept or reject Defendants' explanations.  At the summary judgment stage, however, the fact that Defendants have offered shifting and questionable explanations for their actions precludes a grant of summary judgment. *See Reeves*, 530 U.S. at 147; *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997).

For the above reasons, we reverse the district court's grant of summary judgment to Defendants, and remand for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**