NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HORACIO HERNANDEZ,<br><br>               Plaintiff - Appellant,<br><br>   v.<br><br>LEVY PREMIUM FOODSERVICE, LP,<br><br>               Defendant - Appellee. | No. 14-55799<br><br>D.C. No. 2:13-cv-08790-MMM-SH<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted April 6, 2016[**]
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and GONZALEZ ROGERS,[***]

District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Yvonne Gonzalez Rogers, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

## I.

Plaintiff-Appellant complains of "a hybrid wrong, caused by both the employer and the Union." *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 669 (9th Cir. 1985). Accordingly, his claims are subject to "the six-month statute of limitations for making charges of unfair labor practices to the NLRB, contained in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b)." *Id.* (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 (1983)). This is true even though Plaintiff chose not to name the Union as a co-defendant. *See Gen. Teamsters Union Local No. 174 v. Trick & Murray, Inc.*, 828 F.2d 1418, 1423 (9th Cir. 1987) (quoting *DelCostello*, 462 U.S. at 165) ("The employee may ... sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.").

## II.

There was no triable issue of fact as to whether Plaintiff's claims are time-barred. Admissible and uncontroverted evidence established that Defendant terminated Plaintiff on October 27, 2011. According to Plaintiff, he timely filed a grievance with the Union after the termination. The collective bargaining agreement ("CBA") required Plaintiff to give notice of a grievance within seven days of termination, for the Union and Levy to attempt to reach an informal settlement within seven days of that notice, and if no settlement was reached, to

submit the grievance in writing within seven days thereafter. Furthermore, under the CBA, unresolved grievances may be referred to mediation, and then binding arbitration, within 60 days of a written submission. Plaintiff's claims here are premised on his contention that the Union failed to prosecute his grievance. However, he did not file his complaint until 24 months after he had been terminated by Defendant and filed a grievance with the Union about that termination. "The statute of limitations begins to run when a plaintiff 'knew, or should have known, of the defendant's wrongdoing.'" *Stone v. Writer's Guild of America West, Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996) (quoting *Allen v. United Food & Commercial Workers Int'l*, 43 F.3d 424, 427 (9th Cir. 1994)). Plaintiff "should have known of the defendant's wrongdoing" when the Defendant terminated him and the Union did not commence grievance and arbitration proceedings by the end of the CBA's grievance period following his termination, such that his termination was final and had no chance of being rescinded through the CBA's grievance procedure. Plaintiff's knowledge or constructive knowledge of the finality of his termination occurred more than six months before he filed his complaint in October 2013. Accordingly, his claims are time-barred.

**AFFIRMED.**