NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VANESSA AOUN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF LAS VEGAS, <br><br> Defendant - Appellee. | No. 24-1537 <br><br> D.C. No. <br> 2:22-cv-01751-GMN-EJY <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted April 2, 2025[**]
Phoenix, Arizona

Before: HAWKINS, W. FLETCHER, and R. NELSON, Circuit Judges.

Plaintiff Vanessa Aoun ("Aoun") appeals the grant of summary judgment in

favor of the City of Las Vegas ("City") in her Title VII action alleging gender

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discrimination and retaliation.[1] We review the summary judgment grant de novo, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and we affirm.

Aoun claims she was subjected to a hostile work environment because of her gender. To establish a prima facie case, Aoun was required to show (1) she was subject to verbal or physical harassment because of her gender, (2) the conduct was objectively and subjectively offensive, and (3) the conduct was sufficiently severe or pervasive "to alter the conditions of employment." *Nichols v. Azteca Rest. Enter., Inc.*, 256 F.3d 864, 871 (9th Cir. 2001) (quoting *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir. 1998)). However, Aoun's list of complaints about the City being "nit-picky," "unjustly critical," and supervising her more closely than warranted fail to demonstrate that her disciplinary actions had anything to do with her gender. She claims she was treated more harshly than her co-workers but identifies no male co-worker who was treated differently. She points to a single comment a co-worker made before March 2020 that a male Administrative Support Assistant ("ASA") could do the job better than her. As the district court held, this single comment was "not sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and was made before the relevant time period in this litigation."

---

[1] Although Aoun initially also brought claims alleging age and disability discrimination, in her opening brief she expressly waives any argument regarding these claims.

Aoun also claims her lateral transfer to the Floyd Lamb Gatehouse was an adverse employment action in retaliation for making complaints about a hostile work environment and expressing fear she would be retaliated against for taking medical leave. To show retaliation, Aoun needed to establish (1) she engaged in protected activity, (2) her employer subjected her to adverse employment action and (3) there was a causal link between the activity and the employer's action. *See Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997). The burden then shifts to the employer to present a legitimate non-discriminatory reason for the action, and if it does, then the plaintiff must demonstrate a genuine issue of fact as to whether the reason advanced was a pretext for retaliation. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Even assuming without deciding that the transfer was an adverse employment action, Aoun proffered no evidence to suggest the City's stated legitimate business purpose was pretextual. The City explained that Aoun was the only ASA in the department that handled parks and would be eligible for the opening, and that the transfer was also designed to reduce Aoun's timesheet errors by giving her fewer to process. Indeed, the supervisor of whom she complained (Quintana) was not the same individual who decided to transfer her the following spring (Radke). The evidence does not "directly . . . persuad[e] the court that a discriminatory reason more likely motivated the employer or indirectly . . . show[] that the employer's

24-1537

proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

**AFFIRMED.**