**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAA-ANORKOR OKAI, | No. 24-5035 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-00112-TWR-DTF |
| v. | MEMORANDUM* |
| OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION - LOCAL 30; KAISER PERMANENTE INTERNATIONAL; KAISER FOUNDATION HEALTH PLAN, INC., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted May 26, 2026**

Before: S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Naa-Anorkor Okai appeals pro se from the district court's judgment

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing her action alleging federal and state law claims arising from her termination. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Flaxman v. Ferguson*, 151 F.4th 1178, 1184 (9th Cir. 2025) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (compliance with Fed. R. Civ. P. 8). We affirm.

The district court properly dismissed Okai's action because, despite being granted multiple opportunities to amend, Okai's third amended complaint failed to comply with Rule 8, and her breach of duty of fair representation claim was untimely. *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026) (explaining that "pleadings that do not tie factual averments against specific parties to individual causes of action" violate Rule 8); *Stone v. Writer's Guild of Am. W.*, Inc., 101 F.3d 1312, 1314 (9th Cir. 1996) (explaining that a "claim for breach of the duty of representation is governed by the six month federal statute of limitations").

The district court did not abuse its discretion by dismissing Okai's complaint with prejudice because amendment would be futile and the district court gave Okai multiple opportunities to amend with detailed instructions. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth

the standard of review and explaining that leave to amend may be denied when amendment would be futile); *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (holding that dismissal with prejudice was proper because "the district court gave plaintiffs several chances to amend, with detailed instructions as to what they needed to do to fix the problems with their complaint").

The district court did not abuse its discretion by denying Okai's motion to appoint counsel because Okai did not demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth the standard of review and standard for the appointment of counsel).

The district court did not abuse its discretion by giving Okai too little time to amend her complaint. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (setting forth the standard of review); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases.").

The district court did not abuse its discretion by denying Okai's motion to proceed in forma pauperis because Okai failed to make a sufficient showing of indigency to the district court. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (setting forth the standard of review and explaining that an affidavit is sufficient under 28 U.S.C. § 1915(a) if it states that "the affiant cannot pay the

court costs and still afford the necessities of life").

Okai does not have standing to challenge the district court's decisions regarding James Kevin Tillory. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (explaining that a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties" (citation omitted)).

We do not consider issues not specifically and distinctly argued in the opening brief, or issues raised for the first time on appeal. *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

**AFFIRMED.**