**Rolland Richard HENRY,**
**Plaintiff–Appellant,**

v.

**THE COUNTY OF SHASTA; State of California; Jim Pope, as Sheriff; A.C. Chaidez, Officer; and H. Smith, Officer, Defendants–Appellees.**

No. 95–16704.

United States Court of Appeals,
Ninth Circuit.

March 2, 1998.

ORDER

The opinion, which is reported at 132 F.3d 512 (9th Cir.1997), is amended as follows:

(1) At page 519, second full paragraph, the first sentence is amended to read: "In holding that the May and Burns declarations may be used to establish municipal liability although the events related therein occurred after the series of incidents that serves as the basis of Henry's claims, we reiterate our rule that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but may be highly probative with respect to that inquiry."

(2) Directly after the citation that follows the sentence in amendment (1), the following sentence is inserted: "When a county continues to turn a blind eye to severe violations of inmates' constitutional rights—despite having received notice of such violations—a rational fact finder may properly infer the existence of a previous policy or custom of deliberate indifference."

With these amendments, Judges Boochever and Reinhardt have voted to deny the petition for rehearing. Judge Reinhardt has voted to reject the suggestion for rehearing en banc and Judge Boochever so recommends. Judge Rymer has voted to grant the petition for rehearing and to accept the suggestion for rehearing en banc.

The full court has been advised of the en banc suggestion and no judge has requested a vote on it.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.