**Charles EASTER, Plaintiff,**

v.

**CDC, et al., Defendants.**

**Case No. 09cv0555–LAB (RBB).**

United States District Court, S.D. California.

March 9, 2010.

Charles Easter, Chino, CA, pro se.

Attorney General, State of California Office of the Attorney General, San Diego, CA, Susan E. Coleman, Manning & Marder, Kass, Ellrod, Ramirez, Los Angeles, CA, for Defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION;

### ORDER GRANTING IN PART MOTION TO DISMISS; AND

### ORDER DISMISSING CLAIMS

LARRY ALAN BURNS, District Judge.

On March 18, 2009, Plaintiff, a prisoner proceeding *pro se*, filed his complaint seeking damages pursuant to 42 U.S.C. § 1983. Plaintiff was attacked by a group of fellow inmates and attacked a second time after, he alleges, Defendants failed to protect him. This suit is a continuation of an earlier suit that was dismissed to permit Plaintiff to exhaust is administrative remedies.

Defendants then moved to dismiss all claims except Petitioner's Eighth Amendment claim based on Defendants' alleged deliberate indifference to Plaintiff's safety. This matter was referred to Magistrate Judge Ruben Brooks for a report and recommendation pursuant to pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d). Following extensions of time to allow for briefing, Judge Brooks issued his report and recommendation (the "R & R"). The R & R permitted any party to file and serve written objections no later than February 26, 2010. Objections have not been received from either party.

A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R.Civ.P. 72(b); *see* 28 U.S.C. § 636(b)(1).

"The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Section 636(b)(1) does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn,* 474 U.S. 140, 149–50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original). The statutory provision does not require that the district court conduct some lesser review when no objections are filed. *Thomas,* 474 U.S. at 149–50, 106 S.Ct. 466 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions under a de novo or any other standard when neither party objects to those findings").

The Court has reviewed the R & R and it appears to be correct and its legal conclusions valid. The Court therefore **ADOPTS** the R & R. Defendants' Motion to Dismiss the monetary claims against Defendants Morris, Panichello, and Perez in their official capacities is **GRANTED** and these claims are **DISMISSED** without leave to amend. Supplemental state claims against Defendants in their official capacities are **DISMISSED** without leave to amend. Plaintiff's claim under the Fourteenth Amendment is **DISMISSED** without leave to amend because the allegations are preempted by the Eighth Amendment. Plaintiff's Fifth Amendment claim is **DISMISSED** with leave to amend his claim involving placement in administrative segregation, but without leave to amend his claim for violation of the prohibition against double jeopardy. Plaintiff's claim for injunctive relief is moot because it is not available to him, and is therefore **STRICKEN.**

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS [DOC. NO. 15]

RUBEN B. BROOKS, United States Magistrate Judge.

Plaintiff Charles Easter, now a state prisoner proceeding pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on March 18, 2009 [doc. no. 1]. At the time he filed this action, Easter was not incarcerated and was living in Escondido, California. (Compl. 1.) The events giving rise to this suit occurred approximately two and one-half years earlier, while Plaintiff was housed at R.J. Donovan Correctional Facility. (*Id.*) Easter alleges that Defendants violated the Fifth, Eighth, and Fourteenth Amendments of the United States and California Constitutions by improperly placing him in a prison yard where he had been previously assaulted by other inmates which caused him to be assaulted a second time. (*Id.* at 3–6.)

On August 14, 2009, Defendants Captain B. Morris, Lieutenant L. Panichello, and Officer E. Perez filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [doc. no. 15].[1] Attached to the Motion was a Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss and the Declaration of James Reinmiller, Custodian of Records for the Government Claims Program [doc. nos. 15–2, 15–3]. Defendants Morris, Panichello, and Perez argue that they cannot

---

1. Although the Complaint names Lieutenant Panichello, in the Motion to Dismiss, Defendant corrects his name to L. Panichello.

(Compl. 1–2, 4; Mot. Dismiss Attach. # 2 Mem. P. & A. 1–2.)

be sued for damages in their official capacities; Plaintiff's state law claims are barred; Easter's Fourteenth Amendment claim is duplicative; Plaintiff fails to state a claim for violation of the Fifth Amendment; and Easter fails to show that he is entitled to injunctive relief. (Mot. to Dismiss 1.)

A *Kingele/Rand* notice was issued by the Court on October 26, 2009 [doc. no. 18]. Plaintiff requested additional time to file his opposition and was granted an extension to December 31, 2009 [doc. nos. 21–22]. Easter's Opposition to Defendants' Motion to Dismiss was filed on December 8, 2009 [doc. no. 24]. Easter filed a second Opposition to Memorandum of Points and Authorities nunc pro tunc to December 28, 2009 [doc. no. 26]. Defendants filed a Reply on January 21, 2010 [doc. no. 28]. The Court found Defendants' Motion suitable for decision without oral argument pursuant to civil local rule 7.1(d)(1) [doc. no. 16].

For the reasons set forth below, the district court should **GRANT IN PART** and **DENY IN PART** Defendants' Motion to Dismiss.

## I. PROCEDURAL BACKGROUND

This action is a resumption of the lawsuit Easter first filed on January 29, 2007. *See Easter v. CDC,* Civ. No. 07–cv–187–L(LAB) (S.D.Cal. filed Jan. 29, 2007). In that action, Easter alleged that the Defendants were deliberately indifferent to his safety, acted negligently, and violated his right to be free from cruel and unusual punishment by placing him on the same prison yard where he had been previously assaulted by other inmates. *Id.* (comp. at 3, 6).

On November 20, 2008, United States District Court Judge M. James Lorenz granted the defendants' motions to dismiss and dismissed the complaint without prejudice. *Id.* (order adopting & modifying report & recommendation at 1–3). Judge Lorenz concluded that Easter filed his administrative grievance on February 7, 2007, after he had filed suit on January 29, 2007. Because the administrative grievance procedure was ongoing, the court dismissed the complaint without prejudice.

The present Complaint, filed on March 18, 2009, is a continuation of Plaintiff's attempt to litigate the civil rights violations he first alleged on January 29, 2007.

## II. FACTUAL BACKGROUND

Easter was incarcerated at the Richard J. Donovan Correctional Facility ("Donovan"). (Compl. 1.) On August 27, 2006, while housed in yard four of building seventeen, he was assaulted by fifteen inmates and hospitalized. (Compl. 3, 5.) An incident report was completed and Easter's enemy concerns were noted. (*Id.* at 3.) Plaintiff was initially released to facility two because he had enemies at facility four. (*Id.* Attach. # 1, 11.) Then, he was rehoused with his inmate enemies in building seventeen, yard four, and on November 14, 2006, he "was attacked and stabbed and sent to the hospital with life threatening injuries." (*Id.*)

Easter contends that Captain Morris approved the move; Lieutenant Panichello ordered Plaintiff to move, although Easter complained about his inmate enemies and had other housing; and Correctional Officer Perez oversaw the move, even though he was aware of the prior attack on Easter. (*Id.* at 3–5.)

## III. LEGAL STANDARDS

### APPLICABLE TO DEFENDANTS' MOTION TO DISMISS

### A. *Motions to Dismiss For Failure to State a Claim*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficien-

cy of the claims in the complaint. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). "The old formula—that the complaint must not be dismissed unless it is beyond doubt without merit—was discarded by the *Bell Atlantic* decision [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n. 8, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ]." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir.2008).² A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir.2003)); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

The Court does not look at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *See Bell Atl. Corp.*, 550 U.S. at 563 n. 8, 127 S.Ct. 1955. A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable

legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988)).

The Court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992) (citation omitted); *see Halkin v. VeriFone, Inc.*, 11 F.3d 865, 868 (9th Cir.1993); *see also Cholla Ready Mix*, 382 F.3d at 973 (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994)) (stating that when considering a Rule 12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged[ ]"). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

In addition, when resolving a motion to dismiss for failure to state a claim, the Court generally does not consider materials outside the pleadings. *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998); *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir.1997); *Allarcom Pay Television Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir.1995). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider*, 151 F.3d at 1197 n. 1. This precludes consideration of "new" allega-

---

2. Easter asks the Court to take notice that *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), provides that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in

support of his claim which would [e]ntitle him to relief." (Opp' n Mem. P. & A. 5 [doc. no. 26] (citing *Cruz*, 405 U.S. at 322, 92 S.Ct. 1079).) *Cruz*, however, was also modified by the holding in *Bell Atlantic*.

tions that are raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). *Id.* (citing *Harrell v. United States,* 13 F.3d 232, 236 (7th Cir. 1993); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d ed. 1997) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")).

But "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." *Parks Sch. of Bus.,* 51 F.3d at 1484 (citing *Cooper v. Bell,* 628 F.2d 1208, 1210 n. 2 (9th Cir.1980)). The Court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . . ." *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir.2002); *Stone v. Writer's Guild of Am. W., Inc.,* 101 F.3d 1312, 1313–14 (9th Cir.1996).

These Rule 12(b)(6) guidelines apply to Defendants' Motion to Dismiss.

### B. *Standards Applicable to Pro Se Litigants*

■ Where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally. *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir.1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992). Still, when examining a pro se civil rights complaint, the Court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982). "Vague and con-

clusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency,* 733 F.2d 646, 649 (9th Cir.1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones,* 733 F.2d at 649 (internal quotation omitted).

■ Nevertheless, the Court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (quotation omitted) (citing *Noll v. Carlson,* 809 F.2d 1446, 1447 (9th Cir. 1987)). Thus, before a pro se civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim–Panahi,* 839 F.2d at 623–24. Where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles,* 221 F.3d 1074, 1077 (9th Cir.2000).

### C. *Stating a Claim Under 42 U.S.C. § 1983*

To state a claim under § 1983, the plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C.A. § 1983 (West 2003); *Shah v. County of Los Angeles,* 797 F.2d 743, 746 (9th Cir.1986).

## IV. DISCUSSION

### A. *Absolute Immunity*

■ The Eleventh Amendment grants the states immunity from private civil

suits. U.S. Const. amend. XI; *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir.2008); *Henry v. County of Shasta*, 132 F.3d 512, 517 (9th Cir.1997), *as amended*, 137 F.3d 1372 (9th Cir.1998). This immunity applies to civil rights claims brought under § 1983; thus, an inmate cannot recover damages from the state under § 1983 unless the state waives its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir.1994).

■ Eleventh Amendment immunity also extends to state officials sued in federal court in their official capacities. *Will*, 491 U.S. at 71, 109 S.Ct. 2304 (citing *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985)) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Seven Up Pete Venture*, 523 F.3d at 952–53. "As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71, 109 S.Ct. 2304 (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

■ A narrow exception to Eleventh Amendment immunity applies to suits against individuals in their official capacities when the relief sought is "prospective injunctive relief in order to end a continuing violation of federal law." *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir.1997) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)) (internal quotations omitted); *see also Seven Up Pete Venture*, 523 F.3d at 953.

Easter's Complaint asserts claims against the Defendants in their individual and official capacities. (Compl. 2.) Defendants argue that they are entitled to immunity under the Eleventh Amendment for actions taken in their official capacities. (Mot. Dismiss Attach. # 2 Mem. P. & A. 3.) Plaintiff counters by asserting, "If [an] official was working at the time means they were acting under color of law ... so all you have to do is prove th[ere] was an injury to bring a su[it] about." (Opp'n Mem. P. & A. 2 [doc. no. 26].)

■ In his prayer for relief, Plaintiff requests compensatory and punitive damages from Defendants totaling $25,000,000 "after taxes." (Compl. 7.) Easter is correct that he may assert claims against Defendants in their individual and official capacities; however, he may not seek monetary damages from Defendants in their official capacities as a remedy. The requests for monetary damages against Defendants in their official capacities are actually claims against the State of California. *See Will*, 491 U.S. at 71, 109 S.Ct. 2304. Because the state is immune from liability for monetary damages, Defendants' Motion to Dismiss the monetary claims against Defendants Morris, Panichello, and Perez in their official capacities should be **GRANTED** without leave to amend. Accordingly, Easter may only proceed against Defendants in their individual capacities when seeking compensatory and punitive damages.

### B. California Tort Claims Act.

■ Easter alleges that Defendants Morris, Panichello, and Perez each participated in transferring him to a prison yard where they knew his inmate enemies had been placed. (Compl. 2–5.) He asserts, in part, that this violated his rights under the California Constitution. (*Id.*) A plaintiff cannot pursue a violation of the California Constitution under the guise of a federal civil rights claim. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.2003). Instead, it must be treated as a supplemental state law claim.

Defendants construe Plaintiff's allegations as also asserting a claim of negligence against them. (Mot. Dismiss Attach. # 2 Mem. P. & A. 4; Reply 2.) But the Complaint does not contain a claim for negligence. (Compl. 3–5.) It indicates there was a prior suit on the same or similar facts in which Easter alleged wanton, willful, and intentional negligence. (*Id.* at 6.) Plaintiff has not reasserted those claims in his current Complaint. (*Id.* at 2–6.) Consequently, Easter has failed to state a claim of negligence because he has not given Defendants notice of it. *See Fontana v. Haskin,* 262 F.3d 871, 877 (9th Cir.2001) (citing *Am. Timber & Trading Co. v. First Nat'l Bank,* 690 F.2d 781, 786 (9th Cir.1982)) (explaining that the complaint must make "sufficient factual averments [to] show that the claimant may be entitled to some relief[ ]").

Even if the Complaint were construed to allege a claim of negligence, Defendants assert that a negligence claim, as well as any claims raised under California's Constitution, are barred because Easter has not filed a tort claim with the Victim Compensation and Government Claims Board. (Mot. Dismiss Attach. # 2 Mem. P. & A. 4; Reply 2–3.)

In his Opposition, Easter explains that his cellmate provided him with the forms he needed to submit his claims to the Victim Compensation and Government Claims Board. (Opp'n Mot. Dismiss 1 [doc. no. 24].) Plaintiff states, "I did file a board of control claim in February 200[7] with the law library officer (Tanzy) who never returned any of my paper work back to me." (*Id.; see also* Opp'n Mem. P. & A. 3 [doc. no. 26].) He asks the court not to dismiss his Complaint against Defendants in their individual capacities because Easter argues that he was not required to submit those claims to the state agency before litigating them. (*See* Opp'n Mot. Dismiss 3 [doc. no. 24]; Opp'n Mem. P. &

A. 3 [doc. no. 26].) He also asks the Court not to dismiss his claims against Defendants in their official capacities. (*Id.*) Easter asserts that "42 U.S.C. [§ ] 1983 allows [him] to sue in federal [court] without filing a Government tort claim." (Opp'n Mem. P. & A. 5 [doc. no. 26].)

It is well established that when adjudicating a supplemental state law claim, this Court must apply state substantive law. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Under the California Tort Claims Act, filing a tort claim within the time and in the manner prescribed by statute is a prerequisite to filing a lawsuit against any state employee or agency. *See* Cal. Gov't Code §§ 905.2, 911.2 (West Supp.2009); Cal. Gov't Code §§ 945.4, 950.2 (West 1995). A personal injury claim must be filed within six months of when the cause of action accrues. Cal. Gov't Code § 911.2. This applies to "injur[ies] resulting from an act or omission [of a public employee] in the scope of his employment as a public employee .... " Cal. Gov't Code § 950.2.

Defendants assert Easter has not filed any tort claims related to the incident. (Mot. Dismiss Attach. # 2 Mem. P. & A. 5; Reply 2.) In his declaration, James Reinmiller, Custodian of Records for the Victim Compensation and Government Claims Board, states that he was unable to locate any records that Easter has ever filed a claim. (Mot. Dismiss Attach. # 3 Reinmiller Decl. 2.)

■ Easter contends that he has filed a tort claim; he explains that he provided the form to an officer at the law library; but he does not assert that he sent the form to the Victim Compensation and Government Claims Board. (Opp'n Mot. Dismiss 1 [doc. no. 24].) Plaintiff has not provided any evidence of submitting his tort claim. He has attached one hundred

pages of exhibits to his Complaint, four exhibits to his Opposition to Motion to Dismiss, and three exhibits to his Opposition to Memorandum of Points and Authorities. (*Id.* Attach. # 1 Exs. 1–100; Opp'n Mot. Dismiss [doc. no. 24] Attach. # 1 Exs. A–D; Opp'n Mem. P. & A. [doc. no. 26] Attach. # 1 Exs. A–C.) Still, he has not provided a copy of a tort claim submitted to the Victim Compensation and Government Claims Board.

For these reasons, the Motion to Dismiss supplemental state claims against Defendants in their official capacities should be **GRANTED** without leave to amend. Accordingly, Easter may only proceed against Defendants in their individual capacities when asserting state law claims.

### C. *Fourteenth Amendment Claim*

Plaintiff disputes that his Fourteenth Amendment claim is duplicative. He contends that "any time you violate a person's right you can state a claim of the amendment of the one being violated." (Opp' n Mem. P. & A. 3 [doc. no. 26].) Additionally, "when you violate any amendments you violate the Fourteenth Amendment ...." (*Id.* at 5.)

■ "[T]he treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'" *Id.* at 33, 113 S.Ct. 2475 (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). Claims that Defendants failed to protect Plaintiff from a substantial risk of serious harm at the hands of other inmates are properly analyzed under the Eighth Amendment because Easter was a state inmate incarcerated pursuant to a valid

conviction at the time of the attacks. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing *Helling,* 509 U.S. at 35, 113 S.Ct. 2475); *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Robinson v. Prunty,* 249 F.3d 862, 866 (9th Cir.2001).

■ Here, Easter alleges that Morris, Panichello, and Perez violated his Eighth and Fourteenth Amendment rights by improperly placing him in a prison yard where he was previously assaulted by other inmates; as a result, he was attacked again. (Compl. 3–6.) A Fourteenth Amendment claim is foreclosed by Supreme Court precedent. "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims.'" *Albright v. Oliver,* 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

The Court may limit its inquiry to the Constitutional Amendment that more specifically addresses plaintiff's claim in lieu of general notions of substantive due processes. *See Albright v. Oliver,* 510 U.S. at 286, 114 S.Ct. 807 (Kennedy & Thomas, JJ., concurring) (refraining from evaluating petitioner's due process claim under § 1983 because his allegations could be addressed under the state's malicious prosecution law); *Graham v. Connor,* 490 U.S. at 395 n. 10, 109 S.Ct. 1865 (citing *Whitley v. Albers,* 475 U.S., 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)) ("Any protection that 'substantive due process' affords convicted prisoners against excessive force is, we have held, at best redundant of that

provided by the Eighth Amendment."); *Whitley,* 475 U.S. at 327, 106 S.Ct. 1078 ("[T]he Eighth Amendment ... serves as the primary source of substantive protection to convicted prisoners ... where the deliberate use of force is challenged as excessive and unjustified[ ]"); *Gerstein v. Pugh,* 420 U.S. 103, 125 n. 27, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (finding that the more specific Fourth Amendment should be used to analyze the protections that must be afforded to those accused of criminal conduct rather than "variable procedural due process"); *Patel v. Penman,* 103 F.3d 868, 874 (9th Cir.1996), *overruled on other grounds by, Unitherm Food Systems, Inc. v. Swift–Eckrich, Inc.,* 546 U.S. 394, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006) (finding that the Takings Clause preempted plaintiffs' substantive due process claim in a dispute over city-issued building permits.)

Easter has attempted to raise a claim under the Eighth and Fourteenth Amendments based on the same conduct by the Defendants. (Compl. 3–6.) Because the Eighth Amendment provides an explicit source of protection from the type of conduct Plaintiff alleges, his claim is preempted by the Eighth Amendment and should not be analyzed as a substantive due process claim under the Fourteenth Amendment. *See Wolff v. Hood,* 242 F.Supp.2d 811, 819 (D.Or.2002) (finding that plaintiff could not state a substantive due process claim for prison officials' failure to protect him from violence by other inmates because the Eighth Amendment provides explicit constitutional protection). Defendants' Motion to Dismiss Easter's substantive due process claim under the Fourteenth Amendment should be **GRANTED** without leave to amend because the allegations should be resolved under the Eighth Amendment.

### D. *Fifth Amendment Claim*
#### 1. Administrative Segregation

Defendants contend that Easter has failed to state a claim for violation of his Fifth Amendment rights because the Complaint does not allege that "his property was taken, nor his life, and [Easter] was already in custody." (Mot. Dismiss Attach. # 2 Mem. P. & A. 6.) Defendants explain that after Plaintiff was assaulted, he was placed in administrative segregation. (*Id.;* Reply 3.) "[T]his was done for his protection and is not a cognizable constitutional claim." (Mot. Dismiss Attach. # 2 Mem. P. & A. 6; *see also* Reply 3.)

Easter's Complaint attempts to allege a claim against each Defendant under the Fifth Amendment. (Compl. 3–5.) But Plaintiff does not make any specific allegations regarding how each Defendant violated his Fifth Amendment rights. (*Id.*) Although Defendants contend that Easter bases his claim on his placement in administrative segregation after his assault, those allegations do not appear in the Complaint. (*Id.*) Thus, Easter has not stated a claim for violation of the Fifth Amendment.

In his Opposition, Plaintiff asserts that after the incident he was "put in ad seg housing and was deprived of appropriate [needs] when [this] wasn't a disciplinary action." (Opp' n Mem. P. & A. 4 [doc. no. 26].) This issue is raised for the first time in Easter's Opposition. Under Federal Rule of Civil Procedure 12(b)(6), the Court must focus on the Complaint. Fed. R.Civ.P. 12(b)(6); *Schneider,* 151 F.3d at 1197 n. 1. Thus, when deciding the current Motion, this Court is precluded from considering allegations that first appear in the Opposition. *Schneider,* 151 F.3d at 1197 n. 1. (citing *Harrell v. United States,* 13 F.3d 232, 236 (7th Cir.1993)). Based on the contents of the Complaint, Easter has failed to put Defendants on notice of a

claim under the Fifth Amendment. *See Fontana,* 262 F.3d at 877.

It is not clear whether Easter has exhausted administrative remedies and can cure his pleading defect by alleging additional facts. *See Lopez,* 203 F.3d at 1127. Still, there may be facts that show that the placement, length, and conditions of administrative segregation constituted an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Thus, Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim regarding his placement in administrative segregation should be **GRANTED** with leave to amend.

### 2. Double Jeopardy

In his Opposition, Easter seems to suggest that his Fifth Amendment claim includes a violation of the Double Jeopardy Clause. (Opp' n Mem. P. & A. 3–4 [doc. no. 26].) He contends that he was "twice put in jeopardy of life or limb" by Defendants, and his right to be free from double jeopardy was violated. (*Id.* at 5.)

The Double Jeopardy Clause of the Fifth Amendment states that no person "shall ... be subject for the same offence to be twice put in jeopardy of life or limb ...." U.S. Const. amend. V. It is well established that the Double Jeopardy Clause " 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " *United States v. Wilson,* 420 U.S. 332, 343, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)); *see also Monge v. California,* 524 U.S. 721, 727–28, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998). [T]he Clause embodies two vitally important interests. The first is the "deeply ingrained" principle that "the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*Yeager v. United States,* —— U.S. ——, 129 S.Ct. 2360, 2365–66, 174 L.Ed.2d 78 (2009) (quoting (*Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)).)

Easter has not alleged that he was prosecuted more than once for the same offense. Plaintiff alleges that on August 27, 2006, while housed in yard four of building seventeen at Donovan, he was assaulted by other inmates. (Compl. 3, 5.) An incident report was completed noting his enemy concerns. (*Id.* at 3.) Although he was subsequently housed in facility two, Easter was later rehoused with his inmate enemies, and on November 14, 2006, he "was attacked and stabbed and sent to the hospital with life threatening injuries." (*Id.*) These allegations are more properly analyzed under the Eighth Amendment as discussed above.

Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim, to the extent it alleges a double jeopardy violation, should be **GRANTED** without leave to amend.

### E. *Injunctive Relief*

Injunctive relief is an equitable remedy that is appropriate where the plaintiff can show he will suffer a "likelihood of substantial and immediate irreparable injury" if an injunction is not granted. *Hodgers–Durgin v. De La Vina,* 199 F.3d 1037, 1040 (9th Cir.1999) (en banc)

(quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)); *see also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975).

Defendants assert that Plaintiff is not entitled to an injunction because he fails to allege any ongoing or prospective violations of his rights. (Mot. Dismiss Attach. # 2 Mem. P. & A. 7; Reply 4.) Defendants also contend that because Easter is no longer at R.J. Donovan Correctional Facility, there is no risk of continuing or future violations. (Mot. Dismiss Attach. # 2 Mem. P. & A. 8; Reply 4.)

Easter argues that his claim for injunctive relief "speak[s] for itself." (Opp' n Mem. P. & A. 4 [doc. no. 26].) He explains that when he is released on parole, if he is returned to prison for any reason, he will be sent to the same receiving center. (*Id.*) That would make him subject to the Defendants' authority once again. (*Id.*) Easter also asserts that he has suffered an actual injury because these Defendants may have another opportunity to deprive him of his rights. (*Id.*)

■■■ The traditional criteria for granting an injunction are " '(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest.' " *Mayweathers v. Newland*, 258 F.3d 930, 938 (9th Cir.2001) (quoting *Textile Unltd., Inc. v. A..BMH & Co.*, 240 F.3d 781, 786 (9th Cir.2001)). Under the alternative test for granting injunctive relief, the Court examines whether "serious questions are raised and the balance of hardships tips sharply in favor of the moving party." *Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 840 (9th Cir.2001) (citing *Dr. Seuss Enters. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1397 n. 1 (9th Cir.1997)). Under either

measure, this Plaintiff is not entitled to injunctive relief.

As the Defendants correctly observe, Easter's remedies are limited by the Prison Litigation Reform Act. (Mot. Dismiss Attach. # 2 Mem. P. & A. 7.) Section 3626(a)(1) of the Act states, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C.A. § 3626(a) (West 2000). This statutory restriction limits available relief.

Plaintiff requests an injunction preventing Defendants "from any future supervision or control over [his] safety/and or [sic] well being or lack thereof." (Compl. 7.) The Court does not have jurisdiction to issue wide-reaching injunctions to remedy inadequacies in prison administration that extend beyond any actual injury suffered by a plaintiff. *Lewis*, 518 U.S. at 357, 116 S.Ct. 2174. "The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *Id.* (citing *Missouri v. Jenkins*, 515 U.S. 70, 88, 89, 115 S.Ct. 2038, 132 L.Ed.2d 63 (1995)).

Easter has also failed to demonstrate that he may suffer an imminent injury. In *City of Los Angeles v. Lyons*, 461 U.S. at 101–02, 103 S.Ct. 1660, the Court explained that "[t]he plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' " Plaintiff is no longer housed at R.J. Donovan Correctional Facility, the location where the Defendants are employed and Easter's inmate enemies are housed. (Compl. 2–5.) Thus, he has failed to demonstrate an imminent injury.

Plaintiff is not entitled to injunctive relief unless he can show that he will suffer substantial and immediate irreparable injury for which there is an inadequate remedy at law. *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1495 (9th Cir.1996). "Under any formulation of the test [for injunctive relief], plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir.1985). Easter has made no showing of irreparable harm. In addition, because he is no longer housed at R.J. Donovan, Plaintiff lacks standing to seek injunctive relief directed at these Defendants.

For all these reasons, Easter's request for an injunction is moot and should be stricken.

### F. *Legal Access*

In his Opposition, Easter asserts that he had legal materials in his possession on October 27, 2009; but, due to a transfer, those documents were removed and have not been returned to him. (Opp' n Mot. Dismiss 2–3 [doc. no. 24]; Opp' n Mem. P. & A. 1 [doc. no. 26].) He asks that his Complaint not be dismissed because he has had difficulty doing legal research to support his Opposition. (Opp' n Mot. Dismiss 3 [doc. no. 24]; Opp' n Mem. P. & A. 1–2 [ doc. no. 26].)

As stated previously, "The focus of any Rule 12(b)(6) dismissal ... is the complaint." *Schneider*, 151 F.3d at 1197 n. 1. Resolution of a motion to dismiss for failure to state a claim should be limited to the pleadings. *Id.; Jacobellis*, 120 F.3d at 172; *Allarcom Pay Television Ltd.*, 69 F.3d at 385.

Even if the Court were to consider Easter's allegations that he experienced complications in opposing the Motion to Dismiss, the result would not change. Easter contends that he had trouble completing his

Opposition to the Motion to Dismiss. (Opp'n Mot. Dismiss 2–3 [doc. no. 24]; Opp' n Mem. P. & A. 1–2 [doc. no. 26].) In preparing these recommendations, the Court has considered Plaintiff's assertion. The Motion to Dismiss is based on the insufficiency of the Complaint, which the Court has liberally construed. In addition, Easter was given more time to prepare his Opposition and provide the Court with evidence of any tort claim provided to the Victim Compensation and Government Claims Board. In the second Opposition, filed nunc pro tunc to December 28, 2009, Easter cites relevant case authority, presumably the result of time Plaintiff spent in the law library. His dissatisfaction with the handling of his legal papers when Easter was transferred to a new facility and with the law library access there does not change the Court's conclusions.

The Court will consider, however, whether Plaintiff should be given leave to amend to raise a First Amendment access to the courts claim. In *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. 1491. The Court revisited and significantly limited *Bounds* in *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

In *Lewis*, the Court reshaped the right of access to the courts in two respects: (1) by clarifying that every access to courts claim must be founded upon actual injury, and (2) by restricting the scope of the right. *Id.* at 3496, 351, 354–55, 116 S.Ct. 2174. The right of access is only guaranteed for direct and collateral attacks upon a conviction or sentence and

civil rights actions challenging the conditions of confinement. *Id.* at 355, 116 S.Ct. 2174. Even among these claims, actual injury will exist only if "a *nonfrivolous* legal claim had been frustrated or was being impeded." *Id.* at 353, 116 S.Ct. 2174 (footnote omitted) (emphasis added).

In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the Supreme Court held that to state a claim for deprivation of the constitutional right to access the courts a plaintiff must allege (1) a lost past, existing, or prospective litigating opportunity and (2) specific actions by government officials that caused the denial of access. *Id.* at 414–15, 122 S.Ct. 2179. To satisfy the "actual injury" requirement found in *Lewis*, it is not enough simply to state that a "nonfrivolous" claim has been dismissed or impeded due to the action of some government official. *Id.* at 415–16, 122 S.Ct. 2179. Instead, a complaint must contain allegations "sufficient to give fair notice to a defendant[,]" and the complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued . . . ." *Id.* at 416–17, 122 S.Ct. 2179 (footnote omitted).

Here, it is not clear that Plaintiff can allege an actual injury that is sufficient to state an access to the courts claim. Furthermore, the events underlying this suit center on Easter's November 2006 placement in a prison yard with his known enemies. In contrast, an access to the courts claim would focus on library access in 2009 at the California Institution for Men (CIM) at Chino, California, where Easter is currently housed. The different location, time period, and defendants all suggest that instead of attempting to amend the pending Complaint, a separate action may be more appropriate. *See* Fed. R.Civ.P. 18(a), 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (stating that "[u]nrelated claims against different defendants belong in different suits"). For these reasons, Plaintiff's request for injunctive relief should be stricken, and to the extent that Easter is suggesting that he may have a viable access to courts claim, he should not be given leave to amend this Complaint to add that claim here.

## IV. CONCLUSION

Defendants' Motion to Dismiss the monetary claims against Defendants Morris, Panichello, and Perez in their official capacities should be **GRANTED** without leave to amend. Easter may only proceed against Defendants in their individual capacities when seeking compensatory and punitive damages. The Motion to Dismiss supplemental state claims against Defendants in their official capacities should also be **GRANTED** without leave to amend. Plaintiff may only proceed against Defendants in their individual capacities when asserting state law claims. Defendants' Motion to Dismiss Easter's claim under the Fourteenth Amendment should be **GRANTED** without leave to amend because the allegations are preempted by the Eighth Amendment. The Motion to Dismiss Plaintiff's Fifth Amendment claim should be **GRANTED** with leave to amend his claim involving placement in administrative segregation, but **GRANTED** without leave to amend his claim for violation of the prohibition against double jeopardy. Finally, Easter's claim for injunctive relief is moot and should be **STRICKEN.** Under the circumstances of this case, that remedy is not available to him.

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy

on all parties on or before *February 26, 2010.* The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before *March 8, 2010.* The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).